### Richmond
JOHN K. DARNELL

v.

COMMONWEALTH OF VIRGINIA

No. 1683-89-2

Decided July 16, 1991

COUNSEL

C. David Whaley (Elizabeth Dashiell Scher; Morchower, Luxton and Whaley, on brief), for appellant.

Richard B. Smith, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

COLE, J.*—The defendant, John K. Darnell, appeals his convictions of two counts of taking, obtaining, or withholding a credit card in violation of Code § 18.2-192. He contends that the trial court should have dismissed the charges on double jeopardy grounds because he had previously been convicted of petit larceny of a "pocketbook containing U. S. currency, credit cards and miscellaneous items." He argues that the second prosecution is barred under the holding in *Blockburger v. United States*, 284 U.S. 299 (1932), *Grady v. Corbin*, 495 U.S. 508 (1990), and the provisions of Code § 19.2-294. We find that the prosecutions under Code § 18.2-192 are barred by *Grady* and, therefore, we reverse the convictions.

On March 6, 1989, Douglas Long's wallet was taken from his pants, which were hanging in the locker room at the Westwood Racquet Club. The wallet contained $61 in cash and other items,

---

* Judge Cole participated in the hearing and decision of this case prior to the effective date of his retirement on April 30, 1991 and thereafter by designation pursuant to Code § 17-116.01.

including a Dominion Bank "Most" card and an American Express card. He went to a nearby Dominion Bank to report the loss of his Dominion Bank card. When he arrived at the bank, he saw the defendant walking away from an automatic teller machine with the Dominion Bank card in his hand. Long remembered seeing the defendant in the locker room before his wallet was taken, so he confronted the defendant and retrieved his wallet and credit cards. The money was not in the wallet, but the defendant removed it from his pants and returned it to Long.

Henrico County Police Officer E. J. Kopacki arrived at the scene and took a statement from the defendant. The defendant admitted taking the wallet from Mr. Long's trousers. He also admitted removing the money from the wallet, but claimed he did not know the credit cards were in the wallet.

On April 6, 1989, the defendant was convicted in the general district court of petit larceny of a "pocketbook containing U. S. currency, credit cards and misc. items" belonging to Douglas Long in violation of Code § 18.2-96.[1] The defendant was subsequently tried and convicted in circuit court on two counts of taking, obtaining, or withholding a credit card in violation of Code § 18.2-192.

On June 20, 1989, the defendant filed a motion to dismiss in the trial court, alleging that "[t]hese indictments are violative of the double jeopardy clause of the Constitution since he has previously been convicted of the lesser included offense petit larceny involving these items. (Warrant of arrest is attached)." Filed with the motion was a legal memorandum in support thereof. The court took the motion under advisement and, after the trial, heard argument on the motion on August 9, 1989. No reference was made to *Grady* because it was not decided until May 29, 1990. At the conclusion of the hearing, the court overruled the motion to dismiss, holding that petit larceny is not a lesser included offense of credit card theft and that the elements of the two are different.

At the outset, the Commonwealth contends that Darnell cannot rely on the argument that his conviction is barred by *Grady v. Corbin*, 495 U.S. 508 (1990), because he did not make this argu-

---

[1] This warrant was made a part of the record on appeal by a writ of certiorari dated October 17, 1990.

ment in the trial court. In the trial court, the defendant relied solely upon *Blockburger* to argue that the double jeopardy clause was violated. Therefore, the Commonwealth argues, since the *Corbin* case was not the basis for the argument in the trial court, it should not be considered on appeal. Rule 5A:18. We disagree.

■ We find that *Grady*, although decided after the decision was rendered in the trial court, is applicable to this case. In *Griffith v. Kentucky*, 479 U.S. 314 (1987), the United States Supreme Court held: "[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past." *Id.* at 328; *see also Kelly v. Commonwealth*, 8 Va. App. 359, 367-68, 382 S.E.2d 270, 274-75 (1989). As a general rule, judicial decisions are to be applied retroactively. *Department of Highways & Transp. v. Williams*, 1 Va. App. 349, 352, 338 S.E.2d 660, 662-63 (1986).

■ "Rule 5A:18 serves an important function during the conduct of a trial. It places the parties on notice that they must give the trial court the first opportunity to rule on disputed evidentiary and procedural questions. The purpose of this rule is to allow correction of an error if possible during trial, thereby avoiding the necessity of mistrials and reversals." *Gardner v. Commonwealth*, 3 Va. App. 418, 423, 350 S.E.2d 229, 232 (1986). The defendant complied with Rule 5A:18 by making a motion to dismiss based on the double jeopardy clause, by filing a legal memorandum with the motion, and by fully arguing the motion before the trial court. He could not have argued *Grady* because it had not been decided.

■ In order to be considered on appeal, an objection must be timely made and the grounds stated with specificity. Rule 5A:18. "Unless an objection is stated with reasonable certainty at the time of the ruling, neither the Supreme Court nor the Court of Appeals will consider the question for the first time on appeal." *Simmons v. Commonwealth*, 6 Va. App. 445, 450, 371 S.E.2d 7, 10 (1988), *rev'd*, 238 Va. 200, 380 S.E.2d 656 (1989). The purpose of the rule is "to give the trial court an opportunity to rule intelligently and to avoid unnecessary appeals, reversals, and mistrials." *Marshall v. Goughnour*, 221 Va. 265, 269, 269 S.E.2d 801, 804 (1980).

■ "It is the duty of a party, as a rule, when he objects to evidence, to state the grounds of his objection, so that the trial

judge may understand the precise question or questions he is called upon to decide. The judge is not required to search for objections which counsel have not discovered, or which they are not willing to disclose." *Jackson v. Chesapeake & Ohio Ry.*, 179 Va. 642, 651, 20 S.E.2d 489, 492-93 (1942). Although objections must be specific and not general, in this case we find that the objection was made with sufficient certainty so that the trial judge could understand the precise question he was called upon to decide. Darnell attached to his motion both his petit larceny warrant of arrest and the indictments upon which he was charged. In his attached memorandum, he cited applicable cases, referring to the leading case of *Blockburger*. However, in circumstances such as this, it is impossible to refer to cases not yet decided and to law promulgated between trial and appeal. We, therefore, find that Rule 5A:18 does not bar an appeal of an issue where the law has changed between trial and appeal, such as in this case.[2] To hold otherwise would deny the defendant the benefit of decisions rendered after the date of trial, decisions which the Supreme Court has declared have retroactive effect in all cases still pending on direct review.

 The double jeopardy clause embodies three protections: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (footnote omitted). In *Grady v. Corbin*, "the Supreme Court clarified the standard for determining whether successive prosecutions are barred by the double jeopardy clause of the fifth amendment." *Low v. Commonwealth*, 11 Va. App. 48, 51, 396 S.E.2d 383, 385 (1990). Under *Grady*, the court must first apply the traditional *Blockburger* test:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

284 U.S. at 304. However, as stated in *Grady*:

---

[2] We need not decide whether the defendant could raise the issue on appeal in the absence of any objection on double jeopardy grounds.

[A] subsequent prosecution must do more than merely survive the *Blockburger* test. As we suggested in *Vitale*, the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted.

495 U.S. at 521 (footnote omitted).

■ The first inquiry is whether *Blockburger* bars the subsequent prosecution. "If application of that test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other the inquiry must cease, and the subsequent prosecution is barred." *Id*. at 516. The Supreme Court of Virginia has stated:

The theft of several articles at one and the same time constitutes an indivisible offense, and a conviction or acquittal of any one or more of them is a bar to a subsequent prosecution for the larceny of the others.

*Holly v. Commonwealth*, 113 Va. 769, 772, 75 S.E. 88, 89 (1912). However, "the rule applies only to a case involving multiple larceny prosecutions predicated upon the theft of multiple articles stolen contemporaneously." *Jones v. Commonwealth*, 218 Va. 757, 761, 240 S.E.2d 658, 661, *cert. denied*, 435 U.S. 909 (1978). Here, the defendant faced only one larceny charge.

■ The defendant asserts that petit larceny is a lesser included offense of taking, obtaining or withholding a credit card. "A lesser included offense is an offense which is composed entirely of elements that are also elements of the greater offense. Thus, in order for one crime to be a lesser included offense of another crime, every commission of the greater offense must be a commission of the lesser offense." *Kauffmann v. Commonwealth*, 8 Va. App. 400, 409, 382 S.E.2d 279, 283 (1989). "Conversely, an offense is not lesser included within another if it has an element the other does not." *Taylor v. Commonwealth*, 11 Va. App. 649, 652, 400 S.E.2d 794, 795 (1991).

In pertinent part, Code § 18.2-192 provides:

(1) A person shall be guilty of credit card or credit card number theft when:

(a) He takes, obtains or withholds a credit card or credit card number from the person, possession, custody or control of another without the cardholder's consent.[3]

The taking must be with the intent to use, sell, or transfer the card to a person other than the issuer or the cardholder. *Cheatham v. Commonwealth*, 215 Va. 286, 290, 208 S.E.2d 760, 763 (1974); *see also Wilder v. Commonwealth*, 217 Va. 145, 147, 225 S.E.2d 411, 413 (1976).

■ "Larceny is the wrongful taking of the goods of another without the owner's consent and with the intention to permanently deprive the owner of possession of the goods." *Bright v. Commonwealth*, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987). Code § 18.2-96 determines the monetary value which constitutes petit larceny.

■ A comparison of the elements discloses that petit larceny is not a lesser included offense of a violation of Code § 18.2-192. Larceny requires proof of an intent "to permanently deprive" while Code § 18.2-192 requires only an intention to "use, sell or transfer." Thus, every conviction under Code § 18.2-192 would not necessarily result in a conviction of petit larceny. For example, an individual could take a credit card from its owner's possession intending to use the card to make a purchase without the owner's consent, proceed to use the card in making the purchase, and subsequently return the card before the owner became aware of its absence. In such a situation, the perpetrator could be convicted under Code § 18.2-192, but not of petit larceny[4] because he lacked the "intent to permanently deprive." Also, Code § 18.2-192 requires proof of a fact which petit larceny does not, *i.e.*, that

---

[3] Code § 18.2-192(2) provides that "Credit card or credit card number theft is grand larceny and is punishable as provided in § 18.2-95." This is not dispositive because this relates to punishment and not to the elements which must be proved, which is the critical test under *Blockburger*.

[4] Although Code § 18.2-192 is comprehensive in scope, it is possible for credit card theft to constitute a more general offense. *See Sullivan v. Commonwealth*, 210 Va. 201, 169 S.E.2d 577 (1969)(in burglary conviction property stolen was credit card), *cert. denied*, 397 U.S. 988 (1970); *see generally* Groot, *Criminal Offenses and Defenses in Virginia* 77 (2d ed. 1989); Costello, *Virginia Criminal Law and Procedure* § 16.1-2, at 174 (1991).

a credit card be taken. Therefore, under *Blockburger*, a defendant could be convicted of both petit larceny and taking, obtaining, or withholding a credit card.

Applying the *Grady* test, however, we reach a different result. In the present case, the same conduct which constituted the substantive petit larceny offense was alleged and proved as essential elements in the credit card theft prosecution. The issue before us is whether evidence of the larceny of the "pocketbook, containing U. S. currency, credit cards and misc. items" belonging to Douglas Long — conduct that constitutes an offense for which Darnell has already been convicted — established an essential element of the credit card theft charge.

We must decide whether *Grady* "prohibits a successive prosecution when evidence of previously prosecuted conduct proves only a portion of an essential element of the second charge, or whether *Grady* prohibits a successive prosecution only when the evidence of previously prosecuted conduct proves the 'entirety' of an essential element." *United States v. Clark*, 928 F.2d 639 (4th Cir. 1991). In *Clark*, the fourth circuit adopted the rule that in order for the conduct used in the first trial to be barred from use in the second trial, the conduct must, standing alone, fully establish a legal element of the crime charged in the second prosecution. *Id.* at 642. We agree with the holding in *Clark* and adopt it.

In circuit court, the indictments specifically charged the defendant with taking, obtaining and withholding a Dominion Bank card and an American Express card belonging to Long. At trial in the circuit court, Long testified on cross-examination that the American Express card and Dominion Bank card were the only credit cards contained in the wallet. Thus, there can be no question but that the American Express card and the Dominion Bank card were the credit cards referred to in the district court case.

We assume that "proof in the first trial followed the charge." *Low*, 11 Va. App. at 52, 396 S.E.2d at 385. In order for the defendant to be convicted of petit larceny of the credit cards, as alleged in the warrant, the Commonwealth was required to prove that the defendant wrongfully removed the wallet containing the credit cards from Long's trousers, without his consent. This is the precise conduct which the Commonwealth relied on in the circuit

court to prove essential elements of Code § 18.2-192. Therefore, the subsequent prosecution is barred by *Grady*.[5]

The defendant also contends that the subsequent prosecution is barred under Code § 19.2-294. However, this section is not applicable when one crime is a common law offense. *Blythe v. Commonwealth*, 222 Va. 722, 284 S.E.2d 796 (1981).[6] Larceny is a common law crime, although it is regulated by statute. *Smith v. Cox*, 435 F.2d 453, 457 (4th Cir. 1970), *vacated*, 404 U.S. 53 (1971). Therefore, Code § 19.2-294 is not applicable to this case.

In conclusion, the subsequent prosecution is barred under *Grady v. Corbin* where the Commonwealth, to establish an essential element of Code § 18.2-192, proved conduct which constituted petit larceny, a crime for which the defendant had already been prosecuted. Accordingly, we reverse and dismiss the indictment.

*Reversed and dismissed.*

Willis, J., concurred.

Barrow, J., concurring.

I concur that the prosecution in this case is barred by double jeopardy. *See Grady v. Corbin*, 495 U.S. 508 (1990). In reaching this determination, however, we need not adopt the holding in *United States v. Clark*, 928 F.2d 639 (4th Cir. 1991). Therefore, I do not join in that aspect of the majority opinion.

---

[5] We read *Grady* to be applicable to the circumstances of this case regardless of the order of these prosecutions. *See* 495 U.S. at 521 n.11.

[6] In *Blythe*, the defendant was convicted of voluntary manslaughter under Code § 18.2-35 and unlawful wounding under § 18.2-53. The Court found that Code § 18.2-35 "merely fixes the punishment for voluntary manslaughter; the section does not define the offense." 222 Va. at 725, 284 S.E.2d at 797. Likewise, Code § 18.2-96 merely defines how petit larceny is punished without defining the offense. In *Jones v. Commonwealth*, 218 Va. 754, 240 S.E.2d 658 (1978), the Court found that Code § 19.2-294 was inapplicable to a defendant convicted of robbery and grand larceny for reasons other than stated above. However, *Jones* was decided before *Blythe* and no mention was made of the fact that larceny is a common law offense. Therefore, *Blythe* is controlling.