COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Fitzpatrick
Argued at Richmond, Virginia


LESLIE BOYD
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1515-95-2       JUDGE LARRY G. ELDER
                                       MARCH 26, 1996
HAROLD L. BOYD


            FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                      J. Peyton Farmer, Judge


            Nicholas A. Pappas (Nicholas A. Pappas & Associates,
            on briefs), for appellant.

            John A. Nere, Jr. for appellee.


     Leslie Boyd (wife) appeals the trial court's final decree of

divorce, in which the court refused to make an equitable

distribution award or reserve continuing jurisdiction over the

matter.  Wife contends that the trial court was required to rule

on the issue of equitable distribution when she requested such in

her bill of complaint and proposed decree.  Because wife's

argument is procedurally defaulted, we may not consider it on

appeal.  We therefore affirm the trial court's decision.

     Wife filed a bill of complaint for divorce from Harold Boyd

(husband) on January 18, 1995, in the Circuit Court of

Spotsylvania County.  In her bill of complaint, wife requested

equitable distribution of the couple's property pursuant to Code

_____
      [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

§ 20-107.3. Husband also requested equitable distribution of the couple's property in his cross-bill. At a pendente lite hearing on March 6, 1995, the trial court noted that the parties had been separated for over one year and suggested that all remaining issues be resolved and a final decree of divorce be submitted to the trial court by June 5, 1995. On April 6, 1995, husband's attorney arranged for depositions of husband and his sister; the deponents offered information concerning the parties' marital property.

At a June 9, 1995 hearing, wife presented the trial court with a proposed decree (sketch order) containing a provision which (1) reserved for future adjudication and hearing the issue of equitable distribution and (2) reserved to the trial court continuing jurisdiction over this matter. At the same hearing, husband presented a proposed decree which made no mention of equitable distribution. While the trial court considered a number of issues at the hearing, neither party broached the issue of equitable distribution. After the trial court decided to adopt husband's proposed decree, wife did not object on the grounds that the trial court was required to equitably distribute the marital property. Wife now appeals the trial court's final order to this Court.

We hold that Rule 5A:18 procedurally bars this Court from considering wife's argument on appeal. See, e.g., Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991).

-2-

Furthermore, this case does not meet the "ends of justice exception" to Rule 5A:18.  See, e.g., Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987).

The statement of facts in the record reveals that at the trial court's hearing, wife presented her proposed decree to the court but presented no evidence relating to property ownership. The trial court therefore lacked a basis to equitably distribute the property at the hearing.  Wife did not request additional time to present such evidence, if such time were needed. Furthermore, wife did not make any specific argument concerning equitable distribution at the hearing or at any time during the pendency of the suit.  The trial court, which considered a number of issues at the hearing, including child custody and support, may have validly assumed, in the absence of anything to indicate otherwise, that the parties had resolved all property issues and had dropped their original requests for equitable distribution. Again, we note that at no time did wife object to the entry of husband's proposed decree on the grounds that the trial court was required to make an equitable distribution of marital property.

In light of these factors, Rule 5A:18 limits our review of this issue, as wife did not "state the basis for an objection with sufficient specificity to enable the trial judge to consider the issue intelligently."  Head v. Commonwealth, 3 Va. App. 163, 167, 348 S.E.2d 423, 426 (1986).  As we have said, a trial court "is not required to search for objections which counsel have not

-3-

discovered." Darnell v. Commonwealth, 12 Va. App. 948, 952-53, 408 S.E.2d 540, 542 (1991).

Accordingly, we affirm the trial court's decision.

Affirmed.