COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Clements and Agee
Argued at Richmond, Virginia


MARK WELDON SAUNDERS

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 1794-01-2          JUDGE ROBERT J. HUMPHREYS
                                             OCTOBER 1, 2002
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      Herbert C. Gill, Jr., Judge

        Craig S. Cooley for appellant.

        John H. McLees, Senior Assistant Attorney
        General (Jerry W. Kilgore, Attorney General;
        Jennifer R. Franklin, Assistant Attorney
        General, on brief), for appellee.


        Mark Weldon Saunders appeals his conviction, after a bench

trial, for unlawfully taking property having a value of $200 or

more.  Saunders contends the trial court erred in finding the

evidence sufficient to support the conviction.  Saunders further

argues that the trial court erred in finding the matter to be

criminal in nature, rather than a civil issue arising in the

context of his divorce proceedings.  For the reasons that follow,

we affirm the judgment of the trial court.

--------

        [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.  Further, because this opinion has
no precedential value, we recite only those facts essential to
our holding.

On appeal, Saunders contends the trial court erred in finding the evidence sufficient to support the conviction. Specifically, Saunders argues the "weight of the evidence in the case at bar failed to demonstrate grand larceny" and that the "Commonwealth's evidence was conjectural at best." We disagree.

When a defendant challenges the sufficiency of the evidence on appeal, we must give the judgment of the trial court sitting without a jury the same weight as a jury verdict. Tarpley v. Commonwealth, 261 Va. 251, 256, 542 S.E.2d 761, 763 (2001); Hickson v. Commonwealth, 258 Va. 383, 387, 520 S.E.2d 643, 645 (1999); Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998). Indeed, we have a duty to examine the evidence that tends to support the conviction and to uphold the conviction unless it is plainly wrong or without evidence to support it. Code § 8.01-680; Tarpley, 261 Va. at 256, 542 S.E.2d at 763; Taylor, 256 Va. at 518, 506 S.E.2d at 314; Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998); McCain v. Commonwealth, 261 Va. 483, 492-93, 545 S.E.2d 541, 547 (2001).

Although it is true that, "suspicion or even probability of guilt is not sufficient," to support a conviction, "a conviction may properly be based upon circumstantial evidence." Gordon v. Commonwealth, 212 Va. 298, 300, 183 S.E.2d 735, 737 (1971). As long as there is "an unbroken chain of circumstances proving the guilt of the accused to the 'exclusion of any other rational

-

hypothesis and to a moral certainty,'" the evidence will be sufficient and we will uphold such a finding unless it is plainly wrong or without evidence to support it.  Id. (quoting Brown v. Commonwealth, 211 Va. 252, 255, 176 S.E.2d 813, 815 (1970)).

"'Larceny is defined as the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently.'  If the goods are valued at $200 or more, the offense is grand larceny."  Walker v. Commonwealth, 25 Va. App. 50, 58, 486 S.E.2d 126, 130 (1997) (quoting Jones v. Commonwealth, 3 Va. App. 295, 300, 349 S.E.2d 414, 417 (1986)).

Considering the evidence in the light we must, and based upon the totality of the direct and circumstantial evidence before the trial court, we find that it was reasonable, and not plainly wrong, for the trial court to infer:  1) that each of the items Judy Saunders alleged were stolen existed; 2) that the items were the personal and separate property of Judy Saunders; 3) that Saunders took the items with the intent to deprive his wife permanently of their possession; and, 4) that the value of the items taken exceeded the statutorily required amount to establish grand larceny.

Moreover, we find Saunders' argument that the trial court incorrectly considered this matter as criminal rather than as a

-

portion of the divorce proceedings is without merit.[1]  First, as we have found above, the evidence established that the property at issue was the personal and separate property of Judy Saunders.  In Stewart v. Commonwealth, 219 Va. 887, 252 S.E.2d 329 (1979), the Supreme Court of Virginia found that a husband may be convicted of stealing his wife's property.  Thus, regardless of the pending divorce proceedings and related issues of equitable distribution, by unlawfully taking his wife's personal and separate property, Saunders committed a criminal act.  Accordingly, the judgment of the trial court is affirmed.

Affirmed.

---

[1] The Commonwealth contends that Saunders' argument in this regard was not properly presented to the trial court, as Saunders failed to present the court with "legal grounds to support" such an argument, nor did he argue that the issue is a policy matter.  However, the purpose of Rule 5A:18 is "to give the trial court an opportunity to rule intelligently and to avoid unnecessary appeals, reversals, and mistrials." Marshall v. Goughnour, 221 Va. 265, 269, 269 S.E.2d 801, 804 (1980). Although objections must be specific and not general, in this case we find that Saunders' objection was made with sufficient certainty in his argument on his motions to strike, so that the trial judge could understand the precise question he was called upon to decide.  See Darnell v. Commonwealth, 12 Va. App. 948, 953, 408 S.E.2d 540, 542-43 (1991).

-