COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Benton and
          Senior Judge Overton
Argued at Alexandria, Virginia


PRESTON FISHER
                                  MEMORANDUM OPINION[*] BY
v.   Record No. 2871-01-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                       OCTOBER 22, 2002
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                   Paul F. Sheridan, Judge

          Janell M. Wolfe for appellant.

          Leah A. Darron, Assistant Attorney General
          (Jerry W. Kilgore, Attorney General, on
          brief), for appellee.


     Preston Fisher (appellant) was convicted in a jury trial of

credit card theft, in violation of Code § 18.2-192(1)(a).  The

sole issue raised on appeal is whether the evidence proved that

appellant intended to use, sell or transfer the victim's credit

card.  For the following reasons, we affirm appellant's

conviction.

                        I.  BACKGROUND

          "When considering the sufficiency of
          the evidence on appeal of a criminal
          conviction, we must view all the evidence in
          the light most favorable to the Commonwealth
          and accord to the evidence all reasonable
          inferences fairly deducible therefrom.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

> The jury's verdict will not be disturbed
> unless plainly wrong or without evidence to
> support it."

Hucks v. Commonwealth, 33 Va. App. 168, 177, 531 S.E.2d 658, 662 (2000) (quoting Clark v. Commonwealth, 30 Va. App. 406, 409-10, 517 S.E.2d 260, 261 (1999)).

So viewed, the evidence established that Rita Jenson, a resident of Arlington County, routinely left her Exxon credit card in the ashtray of her Jeep. On December 11, 2000, at approximately 7:30 p.m., a friend of Jenson's, Margaret Bardsley, arrived at Jenson's home and saw Jenson's Jeep parked in the driveway with someone inside. As Bardsley approached Jenson's house, a man exited the Jeep and walked past her toward a wooded area.

When Jenson answered the door, Bardsley asked her if she had someone working on her car. Jenson said no and called the police and her neighbor, Rick Sansalone, who immediately drove around the neighborhood to look for the person who had been in Jenson's car. Within two minutes and not far from Jenson's home, Sansalone saw appellant, who met the description given by Bardsley. When Sansalone tried to talk to him, appellant continued to walk away. Sansalone returned to Jenson's street and spoke with Officer Scott Larsen. Larsen followed Sansalone to appellant's location and attempted to stop him. Appellant ran from the officer until the officer blocked his path approximately two hundred feet from the initial encounter. As

-

Larsen approached appellant and before he could ask him any questions, appellant "stated to [Larsen] that [Larsen] should search him, he didn't have anything on him.  He basically threw his hands up in the air."

Jenson testified that the car's glove compartment, center console, ashtray and driver's side door were closed when she last left her car.  Later, the door was open, the car had been riffled and change and her Exxon credit card had been removed from the ashtray.  Additionally, she testified she did not know appellant and did not give him or anyone else permission to take or use her Exxon credit card.  Appellant conceded that the evidence was sufficient to establish that he was the individual who took the items from the car.

The jury found appellant guilty of credit card theft.

## II.  SUFFICIENCY OF THE EVIDENCE

"This Court does not substitute its judgment for that of the trier of fact."  Hunley v. Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999) (citing Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992)).  "Intent may, and most often must, be proven by circumstantial evidence and the reasonable inferences to be drawn from proven facts are within the province of the trier of fact."  Summerlin v. Commonwealth, 37 Va. App. 288, 297, 557 S.E.2d 731, 736 (2002) (citing Fleming v. Commonwealth, 13 Va. App. 349, 353, 412 S.E.2d 180, 183 (1991)).

-

> Specific intent may be shown by circumstances, including by a person's conduct or by his statements. The inferences to be drawn from proven facts, so long as they are reasonable, are within the province of the trier of fact. The mere possibility that the accused might have had another purpose than that found by the fact finder is insufficient to reverse a conviction on appeal.

Hancock v. Commonwealth, 12 Va. App. 774, 782-83, 407 S.E.2d 301, 306 (1991) (internal citations omitted). "The Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

Appellant contends that the evidence is insufficient to prove he intended to use, sell or transfer Jenson's Exxon credit card. We disagree.

Code § 18.2-192(1)(a) provides:

> A person is guilty of credit card or credit card number theft when . . . [h]e takes, obtains or withholds a credit card or credit card number from the person, possession, custody or control of another without the cardholder's consent or who, with knowledge that it has been so taken, obtained or withheld, receives the credit card or credit card number with intent to use it or sell it, or to transfer it to a person other than the issuer or the cardholder . . . .

"The taking [of a credit card] must be with the intent to use, sell, or transfer the card to [a] person other than the issuer

-

or the cardholder." Darnell v. Commonwealth, 12 Va. App. 948,
954-55, 408 S.E.2d 540, 543-44 (1991).

> [The term "withhold" from the statute]
> must . . . import something more than mere
> retention, for mere retention could be
> consistent with innocent intent. The
> retention must be accompanied by an intent
> to deprive the owner of possession and to
> use the card, or to sell it, or to transfer
> it to a person other than the issuer or the
> cardholder.

Cheatham v. Commonwealth, 215 Va. 286, 290, 208 S.E.2d 760, 763
(1974).

Appellant relies on Cheatham and Wilder v. Commonwealth,
217 Va. 145, 225 S.E.2d 411 (1976), for the proposition that the
"mere possession of a stolen credit card is not sufficient to
state the offense of credit card theft." Wilder, 217 Va. at
147, 225 S.E.2d at 413. While that is an accurate statement of
the law, it does not control the outcome of this case. The
evidence in Cheatham showed only that appellant had in his
possession a stolen credit card "that he had found . . . in the
1600 block of Jacqueline Street in Richmond." Cheatham, 215 Va.
at 287, 208 S.E.2d at 761. There was no other evidence in that
case. The police found the stolen credit card in Cheatham's
possession when they arrested him on a charge unrelated to the
original robbery of the credit card owner, and no evidence
identified him as involved in the robbery. The Supreme Court
relied in its ruling on the fact that "Cheatham was not charged
with the . . . robbery, and the Commonwealth does not contend

-

that he participated in that crime. Cheatham was charged with the statutory offense of credit card theft for withholding [the] credit card after it came into his possession." Id. at 288, 208 S.E.2d at 762. In this case, appellant conceded that the evidence was sufficient to establish that he was the individual who took the items from the car.

Wilder is also inapposite to the facts of the instant case. Wilder was an appeal "limited . . . to a consideration of whether the original indictment was sufficient to charge the accused with the commission of the crime [of credit card theft]." 217 Va. at 146, 225 S.E.2d 412. The indictment was found to be invalid because the language used charged only possession and failed to allege the requisite intent to use, sell, or transfer the card.

In the instant case, the evidence shows more than mere unexplained possession or retention of another's credit card. Appellant was identified as the person who took the items from Jenson's car after ransacking the glove compartment, ashtray and center console. The jurors could reasonably infer that appellant stole the Exxon credit card along with the money and other items from Jenson's car with the intent to use, sell or transfer it. No innocent purpose is evident from this set of facts. The inferences to be drawn from his conduct were clearly within the province of the jury. See Hancock, 12 Va. App. at 782-83, 407 S.E.2d at 306.

-

For the foregoing reasons, we affirm appellant's conviction of credit card theft.

<u>Affirmed.</u>

Benton, J., dissenting.

Mere proof that an accused possessed a credit card is insufficient to establish a violation of Code § 18.2-192(1)(a). See Wilder v. Commonwealth, 217 Va. 145, 147, 225 S.E.2d 411, 413 (1976). To sustain a conviction, the evidence must prove that the accused took it with "an intent to use the card, or to sell it or to transfer it to a person other than the issuer or the cardholder." Id. See also Cheatham v. Commonwealth, 215 Va. 286, 290, 208 S.E.2d 760, 763 (1974); Darnell v. Commonwealth, 12 Va. App. 948, 955, 408 S.E.2d 540, 543 (1991).

"It is elementary that where, as here, an indictment charges an offense which consists of an act combined with a particular intent, proof of the intent is essential to conviction." Patterson v. Commonwealth, 215 Va. 698, 699, 213 S.E.2d 752, 753 (1975). Not only must proof of the intent rise above "surmise or speculation," id., the Due Process Clause of the Constitution requires the prosecution to prove the requisite intent beyond a reasonable doubt. Fiore v. White, 531 U.S. 225, 228-29 (2001) (holding that the Constitution requires proof beyond a reasonable doubt of every element necessary to establish the crime charged); McKeon v. Commonwealth, 211 Va. 24, 26-27, 175 S.E.2d 282, 284 (1970).

The evidence proved that a man entered an unlocked motor vehicle at night and riffled the interior of the vehicle. He opened the glove box, the center console, and the ashtray. The

-

man removed the contents of the ashtray, which included an Exxon credit card, loose change, and other items.  The evidence does not indicate whether items were removed from the glove box or the center console.  Minutes later, when the police detained Preston Fisher about a mile away from the vehicle, a witness identified Fisher by his clothing as the person seen riffling the interior of the vehicle.  Fisher did not have the Exxon card.  Although the Exxon credit card was found under a pile of leaves within a visual distance from the place Fisher was detained, it contained no identifiable fingerprints.  Fisher made no statements from which an inference can be drawn concerning intent.  Indeed, he denied he had taken any items from the vehicle.

When the issue on appeal concerns the sufficiency of the evidence to prove beyond a reasonable doubt the required statutory element of intent, "the appellate court is . . . obligated to set aside the trial court's judgment when it is contrary to the law and the evidence and, therefore, the judgment is plainly wrong."  Tarpley v. Commownealth, 261 Va. 251, 256, 542 S.E.2d 761, 763 (2001).  Theft of property from a vehicle does not ipso facto bespeak an intent other than to deprive the owner of use of the property.  Viewed in the light most favorable to the Commonwealth, the evidence in this record leaves only to speculation and suspicion that the thief had some other intent.  Speculation and suspicion are insufficient to

-

prove intent, <u>Adkins v. Commonwealth</u>, 217 Va. 437, 440, 229 S.E.2d 869, 871 (1976), and are never enough to sustain a conviction.  <u>Guill v. Commonwealth</u>, 255 Va. 134, 139, 495 S.E.2d 489, 492 (1998); <u>Hyde v. Commonwealth</u>, 217 Va. 950, 955, 234 S.E.2d 74, 78 (1977).  The evidence in this case concerning the requisite intent amounts to unsupported inferences, mere probabilities, and speculation; it is insufficient to sustain the Commonwealth's burden of proving beyond a reasonable doubt Fisher intended to use, sell, or transfer the card.  <u>Tarpley</u>, 261 Va. at 257, 542 S.E.2d at 764; <u>Moore v. Commonwealth</u>, 254 Va. 184, 186, 491 S.E.2d 739, 740 (1997).  <u>See</u> <u>also</u> <u>Smith v. Commonwealth</u>, 185 Va. 800, 819, 40 S.E.2d 273, 282 (1946).

I, therefore, dissent.