COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Haley and Petty
Argued at Salem, Virginia


WILLIAM CHARLES ANDERSON
                                                     MEMORANDUM OPINION* BY
v.        Record No. 1182-06-3                     JUDGE WILLIAM G. PETTY
                                                          MAY 22, 2007
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                          David A. Melesco, Judge

          Stacie A. Cass, Assistant Appellate Defender (Office of the
          Appellate Defender, on briefs), for appellant.

          Karen Misbach, Assistant Attorney General II (Robert F.
          McDonnell, Attorney General, on brief), for appellee.


        Following a jury trial, William Charles Anderson was convicted of four counts of credit card

theft in violation of Code § 18.2-192.[1]  On appeal, he challenges the sufficiency of the evidence.

For the reasons that follow, we affirm his convictions.

                                     I. BACKGROUND

        Relying on settled principles, "we review the evidence in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v.

Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  This principle requires us to

"discard the evidence of the accused in conflict with that of the Commonwealth, and regard as

true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] In addition, the jury convicted Anderson of robbery, in violation of Code § 18.2-58.

therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis and citation omitted).

The evidence reveals that around 3:30 p.m. on New Year's Day 2006, eighty-five-year-old Ellick David Yeatts was alone at his home in Danville when Anderson and his wife, Janeta, came to his house. Anderson had performed work at Yeatts' house in the past, and he told Yeatts that he wanted to "check the work" that had been performed and provide Yeatts with a reimbursement. Once Yeatts brought Anderson and his wife inside the house, Anderson requested a pencil and paper to write down the information. When Anderson's wife began writing, Anderson walked up behind Yeatts and struck him in the head. As Yeatts began falling to the floor, Anderson hit him again.

Although injured and dazed, Yeatts was able to get up and look out the front window. Yeatts saw Anderson leaving with his guitar and his leather coat. Yeatts also realized that his wallet, containing $185 and four credit cards, was missing. Anderson left the scene in a black pickup truck. Yeatts immediately called the police to report the incident.

At 6:40 p.m., Danville Police Officer David Whitley was dispatched to a local shopping center. He pulled up behind a black pickup truck and got out to speak with the driver. When he approached the driver, whom he identified as Anderson, Anderson sped off and left the scene. Whitley then located Janeta Anderson, who was wearing the victim's leather jacket. After arresting her, Whitley found Yeatts' wallet inside the leather jacket, but only two of Yeatts' credit cards were inside the wallet.

At 10:45 p.m., Pittsylvania County Sheriff's Office Investigator Suzanne Holland saw the black pickup truck, unoccupied and parked behind a residence. An individual driving an SUV dropped Anderson off, and as he walked towards the pickup truck, Holland spoke to Anderson

and approached him. Anderson ran away. A search of the black pickup truck revealed Yeatts' guitar, the notepad from Yeatts' home, and the other two credit cards.

On January 3, 2006, Danville Police Officer Merriall Lane McLean responded to a dispatch directing her to drive to a parking lot where she would find Anderson. When McLean arrived, Anderson was present, cooperated with her requests, and she arrested him without incident.

When the Commonwealth concluded its case at trial, Anderson moved to strike the evidence as insufficient as a matter of law for failure to prove Anderson's intent to use the credit cards.[2] The trial court denied the motion.

## II. ANALYSIS

On appeal, Anderson argues that the Commonwealth failed to prove that he had the intent to use Yeatts' credit cards, therefore, he could not be convicted of credit card theft. We disagree.

When an appellant challenges the sufficiency of the evidence on appeal, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002) (internal citations and quotation marks omitted). We do not "substitute our judgment for that of the trier of fact . . . ." Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002). We are mindful that "[g]reat deference must be given to the factfinder who, having seen and heard the witnesses, assesses their credibility and weighs their testimony." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1998).

---

[2] Defense counsel renewed the motion to strike at the conclusion of the evidence.

Anderson was indicted under Code § 18.2-192,[3] which provides in pertinent part:

> (1) A person is guilty of credit card or credit card number theft when:

> (a) He takes, obtains or withholds a credit card or credit card number from the person, possession, custody or control of another without the cardholder's consent or who, with knowledge that it has been so taken, obtained or withheld, receives the credit card number with intent to use it . . . .

To establish the statutory crime of credit card theft, the Commonwealth must prove beyond a reasonable doubt that at the time the accused took the credit card the accused had the intent to use, sell, or transfer the card to someone other than the issuer or the cardholder. See Darnell v. Commonwealth, 12 Va. App. 948, 954-55, 408 S.E.2d 540, 543-44 (1991).

"Intent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case." Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979). It is permissible to prove intent "by the circumstances, including a person's conduct and statements." Robertson v. Commonwealth, 31 Va. App. 814, 820, 525 S.E.2d 640, 643 (2000) (citing Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977)). Further, "'[t]he fact finder may infer that a person intends the immediate, direct, and necessary consequences of his voluntary acts.'" Id. (quoting Bell v. Commonwealth, 11 Va. App. 530, 533, 399 S.E.2d 450, 452 (1991)).

We have held that "inferences to be drawn from proven facts, so long as they are reasonable, are within the province of the trier of fact." Hancock v. Commonwealth, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991). "The Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the

---

[3] Specifically, the four indictments charged Anderson, "did unlawfully and feloniously take, obtain or withhold a [credit card], from the possession, custody, or control of Ellick David Yeatts and without Ellick David Yeatts' consent, with intent to use the said credit card, in violation of Section 18.2-192(1)(a) . . . ."

imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

Anderson argues that the Commonwealth failed to present sufficient evidence to prove he had the requisite intent to use the credit cards at the time of the taking. While we agree that "mere proof of possession of a recently stolen credit card is insufficient to support a conviction for 'credit card theft' under Code § 18.2-192," Sandoval v. Commonwealth, 20 Va. App. 133, 136, 455 S.E.2d 730, 731 (1995), the evidence here proved much more than the mere possession of two stolen credit cards. Id.

Yeatts identified Anderson as a participant in the theft of the credit cards. Moreover, other items stolen from Yeatts' home were found in the black pickup truck, such as the guitar and the notepad. When arrested, Anderson's wife was at a shopping center, wearing Yeatts' leather jacket, and carrying his wallet containing only two of the stolen credit cards. Therefore, after the wallet was taken from Yeatts, the credit cards had been removed from the wallet and divided. The other two credit cards were found in the black pickup truck driven by Anderson. The inferences to be drawn from this evidence fell within the province of the jury. Hancock, 12 Va. App. at 782-83, 407 S.E.2d at 306. We hold that the evidence and the inferences drawn from it were sufficient to allow the jury to conclude that Anderson had the requisite intent to use the stolen credit cards.

### III. CONCLUSION

Accordingly, we affirm Anderson's convictions for credit card theft.

Affirmed.