## THE STATE v. HUNT.

1. **Criminal Law:** LARCENY. Where one sold a steer which had been placed in the pound, claiming the animal as his own, and showed upon the trial that he had owned one resembling it in appearance, but failed to prove that his animal had strayed away or that he had made inquiry for it, *held*, that his conduct was inconsistent with a claim of ownership in the property.

2. ———: ———: WHAT CONSTITUTES "TAKING." The sale of the animal to another and authorizing him to take it from the pound constituted such a "taking" as made the act his own.

### *Appeal from Buchanan District Court.*

THURSDAY, APRIL 19.

DEFENDANT was indicted and convicted of the crime of grand larceny, and sentenced to confinement in the penitentiary for eighteen months. His case is brought to this court on appeal.

*Lake & Harmon*, for appellant.

*M. E. Cutts, Attorney General*, and *J. B. Powers, District Attorney*, for the State.

BECK, J.—The main objection to the conviction of defendant is based upon the ground that the evidence does not support the verdict of the jury. The property which defendant was charged with stealing was a steer.

1. CRIMINAL LAW: larceny.

It was impounded by the marshal of Independence, and advertised for sale, under a city ordinance. At the day of sale, defendant, who was employed as auctioneer to sell the animal and another in the pound, claimed the steer and sold it to a butcher, by whom it was killed. The owner of the steer, after it was butchered, identified it by the hide and certain marks. There can be no doubt that it was his property; in fact, this is not denied. Defendant, upon the owner making claim to the property, paid him the sum he had received from the butcher. It is insisted that the evidence fails to show a felonious intent on the part of defendant, but establishes the fact that the property was sold by defendant under the honest claim and belief that it was his own. It is true that defendant, after he had seen the steer in the pound, did state that it was his property, and that it had strayed from his possession. But accompanying this claim was an inquiry addressed to the marshal as to the consequences that would result if it proved to be the property of another. He was informed that he would be required to pay the owner the value of the animal.

One witness testified that defendant, sometime previous to the transaction just referred to, owned or had in his possession a steer of the color of the one in question. But defendant offered no evidence to show that this steer had strayed away from him, that he had ever made inquiry for an animal of that description, or had claimed that he had lost an animal of the kind until he saw the steer in question in the pound. In fact, there is no evidence of his good faith in claiming the property, or that he entertained a belief of his right thereto. While expressing uncertainty as to his property in the animal he sold it to the butcher the very day he first saw it in the pound for a price less than its true value. All of these circumstances are inconsistent with truth and honesty in his claim of property in the animal.

II. It is argued that there was no evidence of the taking of the animal—that if it be conceded the property was not defendant's and was not sold in the belief of his ownership, the facts show simply a sale of property by defendant which he did not own, and not

2. ——: ——: 
what consti-
tutes "tak-
ing."

a larceny.   But defendant asserted his ownership and claimed the possession by the sale.   And further, he authorized the butcher to take the steer from the pound.   This was a sufficient "taking," and as it was done under defendant's authority it must be regarded as his act.

AFFIRMED.

### ON REHEARING.

ROTHROCK, J.—After filing the foregoing opinion a petition for rehearing was presented, upon which the case has again been submitted.   We have again carefully examined the record in connection with the petition for rehearing, and are confirmed in the belief that the verdict finds sufficient support in the evidence.   Certain newly discovered evidence accompanies the petition for rehearing, which, if it were proper to consider, might and probably would lead us to a different conclusion.   But there is no authority for the introduction of newly discovered evidence upon appeals to this court.   The judgment of the District Court must stand affirmed.

ADAMS, J., *dissenting.*