JAMES LONG, PLAINTIFF IN ERROR, VS. THE STATE .OF FLORIDA, DEFENDANT IN ERROR.

1. Declarations of a prosecuting witness as to his ownership of certain cattle, made at the time when he was not in possession thereof, are not made in defendant's presence, are not admissible against 'defendant on trial for the larceny of such cattle.

2. In order to render a bill of sale absolute on its face a mortgage, it must have been executed with the intention or purpose of operating as a security.

3. A charge asserting that, if it was verbally agreed between the parties to the transaction, at the time of execution of an absolute bill of sale of certain cattle, that the vendor should be allowed to redeem or have the cattle back 'upon payment of a certain sum of money, the transaction constituted a chattel mortgage only, is properly refused, as the facts thus hypothesized are not inconsistent with an absolute sale, in the absence of an intention that the conveyance should be a security.

4. A charge asserting that a chattel mortgage does not operate as a conveyance of the legal title or right of possession is properly refused, where there is evidence tending to show that the mortgagee by the terms of the instrument and by a verbal understanding between the parties was to have possession of the property.

5. The rule announced in Dean v. State, 41 Fla. 291, 26 South Rep. 638, that "where the taking is open and there is no subsequent attempt to conceal the property, and no denial, but an avowal of the taking, a strong presumption arises that there was no felonious intent, which must be repelled by clear and convicting evidence, before a conviction is authorized," it is not a rule of law to be given in charge to a jury in prosecutions for larceny, but a presumption of the fact which the jury may apply in proper cases and which may guide the court in cases where it is

applicable in determining the sufficiency of evidence to support a verdict of guilty.

6. To constitute larceny there must exist both a felonious intent and a carrying away of the property, and a charge eliminating either of these features of the offense is improper.

7. Where one person, having no actual or constructive possession of the property of another, points out such property to a third person, gives the latter a bill of sale therefor, receiving in payment a sum of money, he does not commit larceny in the absence of some act constituting an asportation of the property.

Writ of error to the Criminal Court of Record for Orange County.

The facts of the case are stated in the opinion of the court.

*Jones & Jones* and *L. D. Browne,* for Plaintiff in Error.

*William B. Lamar,* Attorney-General, for the State.

PER CURIAM.

This cause was referred by the court to two of its commissioners, Messrs. Hocker and Glen, for investigation who have reported that the judgment ought to be reversed.

Plaintiff in error was tried and convicted in July, 1901, in the Criminal Court of Record of Orange county, upon an information charging the larceny of two cows, the property of William Lancaster. It appears from the evi-

dence that defendant, claiming to own the two cows alleged to have been stolen which were then in a pasture, went out there with one Douglass, as Douglass claimed to sell him the cattle, but as defendant claimed to procure a loan of $25 upon the security of a bill of sale for the cattle. Defendant pointed them out to Douglass and on the same day executed a bill of sale to Douglass, agreeing to allow the cattle to remain in the pasture for fifteen days free of charge, and Douglass paid him $25, as he claims for the purchase of the cattle, but as defendant claimed on the security of the bill of sale. Some weeks afterwards Douglass drove the cattle away and a few days afterward Lancaster went to see Douglass about the cattle. The witness Douglass was permitted, over defendant's objections and exceptions, to testify that in the conversation then had between witness and Lancaster, the latter claimed to own the cattle. The cattle were at the time in the possession of Douglass and defendant was not present at the time of the conversation. This testimony, to the effect that Lancaster claimed to own the cattle, was hearsay and ought to have been excluded on defendant's objection. The question as to Lancaster's ownership was a contested one on the trial, defendant claiming to own them himself, and it was not proper to allow Lancaster's declarations as to his ownership not made in defendant's presence, and while he was not in possession of the cattle, to be given in evidence. The defendant as a witness was asked concerning the bill of sale above referred to, "did you understand that bill of sale to be a straight out bill of sale of the cattle or a mortgage?" Upon objection by the State the witness was not permitted to answer. Without undertaking to say whether this particular question was objectionable,

its exclusion was immaterial, because in answer to other questions the witness was permitted to state the circumstances attending the execution of the paper, the purpose for which it was executed, and his understanding that the paper was executed as security for a loan of money and not to evidence an absolute sale.

Defendant moved the court to strike from the evidence the bill of sale executed by him to Douglass. When this motion was made the bill of sale had not been offered in evidence. At a subsequent stage of the trial the paper was introduced in evidence without objection, and the motion to strike was never renewed.

Exceptions were taken to the refusal to give instruction requested by defendant as follows: "1. If you find from the evidence that although the bill of sale given by defendant to Elisha Douglass of the cattle which defendant is charged with stealing, was so given by him, and that although the said bill of sale purports on its face to be absolute, it was verbally agreed between defendant and Douglass that defendant was to be allowed to redeem or have the cattle back upon payment by him to Douglass of a certain sum of money, you are instructed that the said bill of sale is deemed to be a chattel mortgage only. 2. If you find from the evidence that the said bill of sale was a mortgage, you are instructed that it only conferred a specific lien on the cattle in favor of Douglass, and did not operate as a conveyance of the legal title or right of possession of the cattle." These instructions were properly refused. The facts stated in the first charge do not necessarily as a matter of law make the transaction a mortgage. The facts stated may be entirely consistent with an absolute sale of the property. In order to make the transaction a mortgage, the intention or purpose must

be to secure the payment of money. Section 1981 Revised Statutes. The fact that an absolute purchaser may agree with the seller to resell the property to him for a sum of money agreed upon, or as expressed in the refused instruction, it may be verbally agreed between the seller and purchaser that the former was to be allowed to have the property back upon payment of a certain sum of money, does not necessarily prove the transaction in reality to be merely the security for money, so as to bring the transaction within the meaning of the statute. If the bill of sale was under the statute according to the evidence in reality a mortgage, yet by some evidence at least, Douglass, to whom the paper was executed, was by the terms of the written instrument and by the verbal understanding between the parties, to have possession of the cattle, which is permissible if so understood between the parties, though the conveyance giving such right of possession be merely a mortgage. Section 1983 Revised Statutes. The latter clause of the second requested instruction would deny that right, and that instruction was therefore properly refused. The court also refused to give instructions five and six requested by the defendant as follows: "5. Where the taking is open and there is no subsequent attempt to conceal the property and no denial, but an avowal of the taking, a strong presumption arises that there was no felonious intent, which must be repelled by clear and convincing evidence before a conviction is authorized. 6. The openness of the taking where possession has not been obtained by force or strategem is a strong circumstance to rebut the inference of a felonious intention." To the refusal to give them exceptions were duly taken.

The fifth requested charge is one of the headnotes in

the case of Dean v. State, 41 Fla. 291, 26 South. Rep. 638. The sole question in that case was whether the evidence was sufficient to sustain the verdict and the court reached the conclusion that it was not. It appeared from the un- contradicted evidence certified to the court in that case that the accused took the property alleged to have been stolen, an ox, openly in the day time in the presence and with the assistance of several persons under a claim of ownership, and led it along the highway to his home; that he subsequently sold it to a party living in the same neighborhood of the real owner, and there was testimony of several witnesses independent of the accused himself that he had raised the ox from a calf and had continu- ously owned it. There was no concealment in any way, but an open avowal of possession and ownership. The court did not find any conflict in the evidence as to such mat- ters, nor was there discovered any infirmity or defects in it to rebut the presumption in favor of an innocent in- tent in the taking of the property. In weighing the tes- timony the court applied the principle that where the taking in larceny was open, with no subsequent attempt to conceal the property and no denial, but an avowal of the taking, a strong presumption arises that there was no felonious intent. It was not in terms said that this was a presumption of law under the facts stated, but the last clause in the headnote embodied in the request would seem to indicate that it might be so regarded. The prin- ciple stated was taken from McMullen v. State, 53 Ala. 531, and was used argumentatively by this court in dis- cussing the facts before it. In cases of larceny the ques- tion of the intent with which the accused took the prop- erty is always one of fact primarily to be decided by a jury, subject to review by the court. As we understand

the decisions in Aalabama, this is the rule there, and the question of intent as to the taking is one of fact in all cases for the jury. It was held in Talbert v. State, 121 Ala. 33, 25 South. Rep. 690, that such question should be submitted to them although the taking was open in the presence of the owner of the property and others, and there was no subsequent denial or concealment. See, also, State v. Powell, 103 N. C. 424, 9 S. E. Rep. 627. Where the taking is open in the presence of others, not amounting to a robbery, and there is no concealment, or in short, where the testimony as to the taking standing alone raises a presumption of fact in favor of an innocent taking, and there is nothing in it from which a jury may legitimately infer a felonious purpose, then a verdict against the accused can not be sustained, and it would be the duty of the court to set it aside. The principle, however, announced in the headnote in the Dean case, upon which this court acted in determining the sufficiency of the evidence then before it, must not be regarded as stating a principle of law which an accused has a right to have charged in his favor, and if such is its effect it must be limited. Where there is conflict in the evidence as to the intent with which the property was taken, or it is of such a character as to legitimately authorize an inference of a felonious purpose, then the matter should be submitted to the jury without any intimation from the trial court as to the force of presumptions of fact arising from any portion of the testimony. As stated, the principle is not one of law, but of fact arising from the evidence, and under the facts of this case the court was correct in refusing to charge the jury as requested by the accused. What is said disposes also of the sixth request.

Exceptions were taken to portions of the charge of the court. In the second paragraph the court stated, "the defendant is charged with the larceny of two cows, the property of William Lancaster." It is argued here that this language assumes that the cows belonged to Lancaster, a matter in dispute upon the trial. We do not think the criticism is well founded. The language objected to simply states the charge upon which defendant was being tried and does not assume Lancaster's ownership of the cows. In the next paragraph the jury were distinctly told that it is incumbent upon the State to prove the property taken to be the property of William Lancaster. Paragraphs four, five and six read as follows: 4. The court instructs you that if you find from the evidence that the defendant James Long appropriated the two cows to his own benefit; that he sold them either by a straight bill of sale or by a conditional sale without the knowledge or consent of the owner and received a money consideration therefor, he would be guilty. 5. The court instructs you that if the defendant James Long pointed out the cows to Douglass and give him a bill of sale for same and received in payment the sum of twenty-five dollars, that would be a delivery. 6. The court instructs you that if the two cows were not the property of James Long, and the said Long knowing the same not to be his property, delivered the same to Douglass, either upon mortgage or sale outright. he would be guilty of larceny.

The fourth and fifth paragraphs are assigned as error. Paragraph four is erroneous because it omits two essential elements in larceny, viz: the carrying away of the property, and the felonious intent. Defendant might have done all the acts mentioned in this paragraph with no felonious intent, in which event he would not be

guilty of larceny. Long v. State, 11 Fla. 295; State v. Rutherford, 152 Mo. 124, 53 S. W. Rep. 417. Paragraph five asserts that certain facts stated would constitute a delivery of the cattle by defendant to Douglass, and paragraph six asserts that if the cattle were delivered to Douglass by defendant, either upon mortgage or sale outright, and the cattle were not the property of defendant, and defendant knew they were not his property he would be guilty of larceny. While the fifth and sixth paragraphs were both excepted to, the fifth only is assigned as error. As the fifth gives the facts that the court holds would constitute the delivery of the property mentioned in the sixth, it will be not only convenient, but necessary to consider them together. These instructions read together authorize a conviction for larceny where there has been no asportation of the property. Where one person, having no actual or constructive possession of another's property, points out that property to a third person and gives the latter a bill of sale for the property, receiving in payment a sum of money, but there is no act constituting an asportation or carrying away of the property, no larceny is committed, because in larceny the asportation is a necessary element of the offense. Mizell v. State, 38 Fla. 20, 20 South. Rep. 769. No doubt an actual manual delivery of property would constitute an asportation, but a sale and conveyance by bill of sale and a pointing out of the property, where no actual delivery is made and no further acts done which in law would constitute an asportation, would not make the offense of larceny complete, though for civil purposes the title to the property may pass by such transaction. These instructions authorize the jury to convict of larceny without proof of an asportation of the property, and are erron-

eous in law and misleading upon the facts. We do not wish to be understood as intimating an opinion that the jury could not have found from the evidence that the property had been taken and carried away, but as holding that the facts stated in the instructions would not constitute an asportation.

Other assignments of error need not be considered as they need not necessarily arise upon another trial, except the one questioning the ruling denying the motion for a new trial upon the ground that the evidence is not sufficient to support the verdict, and as to that, if properly presented, in view of the fact that another trial is to be had, it is not proper to express an opinion at this time.

The judgment of the court below is reversed and a new trial granted.