### 4144. SMITH v. THE STATE.

Where a person fraudulently claims another's property as his own and sells it, and the purchaser thereupon takes possession of it and takes it away, after having paid the seller for it, this constitutes an asportation of the property by the seller, through the innocent agency of the purchaser.

DECIDED MAY 22, 1912.

Indictment for larceny; from Worth · superior court—Judge Frank Park. January 31, 1912.

*J. J. Forehand & Son,* for plaintiff in error. *W. E. Wooten, solicitor-general,* contra.

HILL, C. J. The plaintiff in error' was convicted of simple larceny in stealing a cow, the property of the prosecutor, and his motion for a new trial was overruled. The only question raised for our decision is whether under the evidence the asportation of the cow was proved. It was shown that the cow in question was the property of the prosecutor; that it was at large near the house of the accused, in company with several other cows. She was claimed by the accused as his cow, and he requested a proposed

purchaser to drive her up in front of his house, which was done by the purchaser. The accused then told the purchaser that it was his cow, the same one about which he had been talking, and that he (the purchaser) could take her. The purchaser thereupon paid the accused for the cow and drove her away. It was claimed that this evidence was insufficient to show an asportation.

Unquestionably, asportation, or the taking possession and carrying away of personal property alleged to have been stolen, is an essential element of the offense of simple larceny; and it has been held that where one has neither actual nor constructive possession of the property of another, but points it out and purports to sell it, receiving payment therefor, he does not commit larceny, in the absence of some act constituting asportation (Long *v.* State, 44 Florida, 134, 32 South. 870) ; as, for instance, where a wrong-doer, without himself taking actual possession of it, sells a steer, at large upon a range, to one who never takes possession of it, he is not guilty of larceny. Hardeman *v.* State, 12 Tex. App. 207. But where in such cases the purchaser does take the property so sold into his own possession, in good faith, believing that it is the property of the seller, the seller is guilty of larceny, since the purchaser takes as his innocent agent, and the act of the purchaser amounts to a taking by the seller. 25 Cyc. 21, and decisions cited in the note; Clark's Criminal Law, 296. In the present case the accused pointed out this cow as his property, and directed the purchaser to drive her up in front of his house, which the purchaser did, and the accused then sold the cow, receiving the price from the purchaser, and the purchaser took possession of her, by direction of the seller, and drove her away. There was some doubt as to the identity of the cow alleged to have been stolen, the accused alleging that the cow which he sold was his own cow, and not that of the prosecutor. The jury, however, were warranted in accepting the testimony of the prosecutor as to this. The evidence otherwise supports the verdict.          *Judgment affirmed.*