CRUTCHER *v.* STATE.

Opinion delivered January 8, 1923.

1. LARCENY—VALUE OF COW.—Under Crawford & Moses' Dig., § 2490, in a prosecution for grand larceny, for stealing a cow, it was unnecessary to state the value of the cow.

2. LARCENY—SUFFICIENCY OF EVIDENCE.—In a prosecution for grand larceny, evidence that the accused sold a cow which he had placed in his pasture to one who took her away, *held* to support a finding of taking and asportation.

3. CRIMINAL LAW—CHARACTER WITNESS.—In a prosecution for larceny, after the accused had testified in his own behalf, where a witness was asked as to accused's general reputation for truth and honesty, and another was asked as to accused's general reputation for truth and veracity, and accused moved to strike out the testimony of both witnesses, it was not error to overrule such motion, as the second question was proper.

4. CRIMINAL LAW—OPINION OF WITNESS AS TO ACCUSED'S REPUTATION.—In a prosecution for larceny where accused testified in his own behalf, it was not error to permit a witness for the State to testify that in his opinion the reputation of accused for truth and veracity was bad.

Appeal from Cross Circuit Court, Second Division; *R. E. L. Johnson,* Judge; affirmed.

*R. R. Bond,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *Wm. T. Hammock,* Assistants, for appellee.

SMITH, J. Appellant was indicted and convicted of the crime of grand larceny, alleged to have been committed by stealing a cow, the property of Joe Pearson. He

demurred to the indictment on the ground that the value of the cow was not alleged. Value is immaterial in cases of this character. Sec. 2490, C. & M. Digest.

It is insisted that the testimony does not support the verdict. Witness Block testified that he bought the cow in question, and four other animals, from appellant for $40. The purchase was made, and the price paid, and a bill of sale taken, late Saturday afternoon, and the cow at the time was in appellant's pasture, where she was left by Block until the following Monday morning, at which time he came to the pasture and drove the cow away. Appellant was not present on Monday when this was done. Appellant stated to Block at the time of the sale that he had raised all the cattle which he then sold. Block testified that the cow in question was branded JI on the right hip. The testimony shows that he was mistaken in this, and that the cow was branded on the left hip and the brand was JP. He did not testify that he made a close examination of the brand, and the hair may have covered the loop of the P. This, however, was a question for the jury, as was also his mistake as to the hip on which the brand was found. Block drove the cow to his own pasture, and a few days afterwards saw Pearson, who asked him if he had seen a cow which Pearson then described. Block told Pearson about the cow he had bought from appellant, and Pearson identified the cow when it was shown to him, and Block turned her over to Pearson. Appellant left the neighborhood shortly after this time and remained away until the adjournment of the next term of court.

Appellant testified that the gates to his pasture were not in good repair, and cattle could get in and get out without difficulty. He testified that Block did not drive away the cow which he sold, but got another cow which had strayed into his pasture, and that the cow which he sold Block was in the pasture at the time Block got the wrong cow.

Block testified that after he surrendered the cow to Pearson he went to appellant's place to see him about the sale. Appellant was not there, but one Ogden was in charge, who paid Block $15 by way of refund of purchase money, this being the agreed value of the cow, which was the most valuable animal of the lot bought. Block insisted that, notwithstanding his mistake about the brand, he drove away the cow which appellant sold him.

We think the testimony recited is legally sufficient to support the finding that appellant knowingly sold a cow which did not belong to him.

It is earnestly insisted that there was no asportation, and the case of *Ridgel* v. *State,* 110 Ark. 606, is cited in support of that contention. In the case cited Ridgel, the defendant, had been placed in possession of the animal which he was charged with having stolen, by the owner thereof, with direction and authority to look after the animal for the owner. Here, the animal was in appellant's pasture without the owner's knowledge or consent, and a completed sale thereof was made. There was such a delivery as is usual in sales of this kind. The possession of the animal which appellant had by reason of having it in his pasture was transferred to Block, and by virtue of this sale, and pursuant to the authority it conferred, Block drove the cow from appellant's pasture to his own.

We think the testimony which we have set out supports the finding both of a taking and an asportation. See cases cited in the opinion in *Ridgel* v. *State, supra;* see, also, sec. 21, article on Larceny in 17 R. C. L.; note to case of *Rex* v. *Taylor,* 21 Ann. Cas. 854; *Long* v. *State,* 32 Sou. 870; 25 Cyc. 21.

After appellant had testified in his own behalf, S. R. Curtis was called as a witness for the State, and was asked if he knew appellant's general reputation for truth and honesty. The witness answered that it was his private opinion that appellant's reputation was bad. H. H. Stafford was also called and was asked if he knew ap-

pellant's reputation for truth and veracity. The witness answered that it was his personal opinion that appellant's reputation was bad.

No objection was made to these questions at the time they were asked; but at the conclusion of all the testimony appellant asked the court to direct the jury "to disregard the testimony of S. R. Curtis and H. H. Stafford as regards reputation of defendant," and the court overruled the motion.

The question asked Curtis was not properly framed. Appellant had not put his reputation for honesty in issue, and his reputation in that respect should not have been included in the question. Stafford was asked about appellant's reputation for truth and veracity; and this was a proper question, as appellant had testified in the case and was subject to impeachment as any other witness would have been.

The first objection to the testimony of either witness was the motion to exclude the testimony of both as regards the reputation of appellant. This motion did not call the court's attention to the fact that the same question had not been asked both witnesses, and, as the question asked Stafford was a proper one, the court did not err in overruling the motion.

It is true one of these witnesses stated that it was his private opinion that appellant's reputation was bad, and the other said it was his personal opinion that his reputation was bad. If it was thought the answers given were based upon the personal knowledge of the witnesses, rather than upon appellant's general reputation, that objection should have been made. The questions asked the witnesses were in proper form so far as the source of the opinion was concerned. This is shown, not only by the phraseology of the question, but also by the cross-examination of the witnesses as to the persons whom they had heard discuss appellant's reputation.

We think the witnesses were merely stating their conclusions as to what appellant's general reputation was, and this they had the right to do.

No error appearing, the judgment is affirmed.