DELON SCOTT v. STATE.

189 So. 661
Division A
Opinion Filed June 9, 1939

*W. W. Flournoy,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

BUFORD, J.—Writ of error brings for review judgment of conviction of the offense of larceny of hogs.

Plaintiff in error contends that the judgment should be reversed because it is not shown that the accused committed any act constituting asportation of the involved property.

The plaintiff in error relies on what was said in the case of Long v. State, 44 Fla. 134, 32 So. 870, as follows:

"Where one person having no actual or constructive possession of another's property, points out that property to a third person and gives the latter a bill of sale for the

property, receiving in payment a sum of money, but there is no act constituting an asportation or carrying away of the property, no larceny is committed because in larceny the asportation is a necessary element of the offense."

But we think the controlling rule is stated in the following sentence, in the same paragraph of the opinion where the above quotation is found, which is as follows:

"No doubt an actual manual delivery of property would constitute an asportation, but a sale and conveyance by bill of sale and a pointing out of the property, where no actual delivery is made and no further acts done which in law would constitute an asportation, would not make the offense of larceny complete, though for civil purposes the title to the property may pass by such transaction."

The evidence shows that Delon Scott, the accused, sold the hogs in question to Tom Benton and Dan Fee who were partners in a stock-yard business in DeFuniak Springs; that he gave Dan Fee a bill of sale to the hogs and that, while he did not actually put his hands on the hogs, he went with Dan Fee and others to where the hogs were and was there present when the hogs were penned, caught, put in the truck and hauled away by authority of his sale of the hogs to Benton and Fee.

It was not necessary for him to take physical possession of the hogs but if the asportation was committed in his presence and at his direction pursuant to sale by him of the property then he was just as much guilty of the asportation as if he had taken the hogs with his own hands.

In 17 R. C. L. 11, Sec. 11, it is said:

"The taking need not be by the hand of the accused; if he procure a person innocent of any felonious intent to take the goods for him, his offense will be the same as if he had taken the goods himself."

The text is supported by numerous court decisions. See

Aldrich v. People, 224 Ill. 622, 79 N. E. 964, 115 A. S. R. 166, 8 Ann. Cas. 284 and note, 7 L. R. A. (N. S.) 1149; Canton Natl. Bank v. American Bonding, etc., Co., 111 Md. 41, 73 Atl. 684, 18 Ann. Cas. 820; Com. v. White, 123 Mass. 430, 25 Am. Rep. 116; Doss v. State, 21 Tex. App. 505, 2 S. W. 814, 57 Am. Rep. 618; Farriss v. State, 55 Tex. Crim. 481, 117 S. W. 798, 131 A. S. R. 824. Notes 88 A. S. R. 564; 29 L. R. A. (N. S.) 39.

It will be noted that the defendant did not deny the asportation but his defense was that he had bought the hogs from owner who was named as the owner in the information.

Whether he bought them from the owner or not was a question for the jury to determine upon the conflicting evidence submitted. There was ample evidence to sustain the verdict.

The entire record discloses no reversible error and, therefore, the judgment is affirmed.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.