COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Felton and McClanahan

VICTOR RAY McALEVY

                                                          OPINION BY
v.        Record No. 3067-03-3                   JUDGE WALTER S. FELTON, JR.
                                                          NOVEMBER 23, 2004

COMMONWEALTH OF VIRIGNIA

FROM THE CIRCUIT COURT OF HENRY COUNTY
Martin F. Clark, Jr., Judge

(Kimberly R. Belongia, on brief), for appellant.  Appellant
submitting on brief.

(Jerry W. Kilgore, Attorney General; Susan L. Parrish, Assistant
Attorney General, on brief), for appellee.  Appellee submitting on
brief.


        Victor Ray McAlevy (appellant) was convicted in a bench trial of grand larceny in violation

of Code § 18.2-95 for the theft of farming equipment which he sold to a third party.  On appeal,

appellant contends that the trial court erred in ruling that the removal of the stolen property by an

innocent purchaser can be imputed to him to satisfy the asportation element necessary to convict

him of larceny.  Finding no error, we affirm the conviction.[1]

BACKGROUND

        In Spring 2002, appellant approached Daniel Swain and offered to sell him some farming

equipment.  Swain was an acquaintance and former employer of appellant.  The farming

equipment that appellant offered to sell was owned by appellant's relative, who kept the

equipment out in the open on a farm in Henry County.  Appellant told Swain that he had some

---

        [1] We affirm and remand to correct the clerical error appearing in the sentencing order and
notice of appeal to reflect appellant's name to be "McAlevy" as it otherwise appears throughout
the record.

farm equipment "that his uncle told him that he could get rid of." The record reflects that appellant had no property interest in the equipment nor authority from its owner to sell it.

Appellant took Swain to the farm where the equipment was kept to permit Swain to inspect it. The equipment included two tillers, a turning plow, a disk harrow, and various tools and implements, all valued in excess of $200. Appellant subsequently visited Swain at his metal shop, and they agreed on a price of about $400 for those items that Swain wanted to buy.

Shortly after he paid appellant for the equipment, Swain telephoned him, requesting that appellant accompany him to pick up the equipment. Appellant replied that he had to be in Roanoke and could not accompany Swain. He told Swain to "go ahead . . . and get what [he] needed." Swain subsequently took possession of the items and removed them from the property.

Sometime after May 1, 2002, the actual owner of the equipment determined it was missing. About two weeks after purchasing the equipment, Swain spoke to a relative of appellant and discovered that appellant had no property interest in the equipment to sell and that the items he purchased were actually owned by one of appellant's relatives. In June 2002, Swain returned the property he acquired from appellant to its owner.[2]

The trial court found appellant guilty of grand larceny in violation of Code § 18.2-95. It sentenced him to five years in the penitentiary, suspended four years of that sentence, and imposed a $250 fine.

ANALYSIS

Appellant contends the trial court erred in ruling that Swain's removal of the property from the farmland could be attributed to him to satisfy the asportation requirement for larceny. We disagree.

_____

[2] There is no disagreement that Swain was an innocent purchaser who reasonably believed that appellant had authority to sell the property to him.

"'Larceny is a common law crime, although it is regulated by statute.'" Hudgins v. Commonwealth, 43 Va. App. 219, 233, 597 S.E.2d 221, 227-28 (2004) (*en banc*) (quoting Darnell v. Commonwealth, 12 Va. App. 948, 957, 408 S.E.2d 540, 545 (1991)); see Code § 18.2-95.[3] It is "defined . . . as 'the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without [the owner's] assent, and with the intention to deprive the owner thereof permanently.'" Bryant v. Commonwealth, 248 Va. 179, 183, 445 S.E.2d 667, 670 (1994) (quoting Dunlavey v. Commonwealth, 184 Va. 521, 524, 35 S.E.2d 763, 764 (1945)). In order to establish a wrongful taking of the property, the Commonwealth must prove that there was an *asportation* or carrying away of the property. Id. at 183, 445 S.E.2d at 670. At the time of the asportation of the property, the thief must act with the intent "to permanently deprive" the owner of that property. Commonwealth v. Taylor, 256 Va. 514, 519, 506 S.E.2d 312, 314 (1998).

Here, the evidence established that Swain physically removed the farm equipment from the place where it was stored. However, he did so believing that he properly purchased it from appellant. The thrust of appellant's argument is that because he did not physically seize and remove the property belonging to his relative, he could not be guilty of larceny as he did not engage in any criminal conduct, i.e., that he did not take and carry away the farm equipment. He argues that Swain, who believed that he had a right to take and carry away the farm equipment, believing that he purchased it, lacked any criminal intent to steal it. In other words, he argues that Swain could not be his agent.

---

[3] While the General Assembly has not altered the common law elements of larceny, it has provided for its punishment depending on the value of the property taken and whether or not it was taken from the person. Here, appellant was convicted of grand larceny under Code § 18.2-95, which is the taking, not from the person of another, of goods that have a value of $200 or greater.

Virginia law provides that "one who effects a criminal act through an innocent or unwitting agent[4] is a principal in the first degree.[5]" Bailey v. Commonwealth, 229 Va. 258, 262, 329 S.E.2d 37, 40 (1985) (footnotes added); Collins v. Commonwealth, 226 Va. 223, 233, 307 S.E.2d 884, 890 (1983). See generally 2 Wayne R. LaFave & Austin W. Scott, Jr., Substantive Criminal Law § 13.1(a) (2d ed. 2003). In Bailey, the defendant was convicted of manslaughter after he orchestrated a confrontation between a man he had been arguing with and the police, during which the police shot and killed the man. Bailey, 229 Va. at 260-61, 329 S.E.2d at 38-39. The Supreme Court held Bailey criminally responsible for acts of the police officers who acted as innocent agents of Bailey who "undertook to cause [the victim] harm and used the police to accomplish that purpose." Id. at 263, 329 S.E.2d at 40. It was "irrelevant whether Bailey and the police shared a common scheme or goal." Id.; see Collins, 226 Va. at 233, 307 S.E.2d at 890 (holding undercover policewoman to be an innocent agent when she collected fees for defendant charged with pandering).

The record reflects that appellant misrepresented to Swain that he had authority to sell the farming equipment. Believing appellant to be the owner of the property, Swain accompanied him to inspect the items and selected those he wanted to purchase. Appellant knew the property was not his to sell. Nevertheless, he negotiated a price with Swain for the sale and accepted payment for the items. Swain took possession of the property only after he called appellant, who told him to "go ahead . . . get what [he] needed." Using an innocent purchaser of property to

---

[4] "The innocent agent is 'innocent' because he or she is a child, or is mentally incompetent, or otherwise does not have the requisite criminal state of mind." Gallimore v. Commonwealth, 246 Va. 441, 446 n.1, 436 S.E.2d 421, 424 n.1 (1993) (citing Bailey, 229 Va. 258, 329 S.E.2d 37).

[5] "'A principal in the first degree is the actual perpetrator of the crime. A principal in the second degree, . . . is one who is present, actually or constructively, assisting the perpetrator in the commission of the crime.'" Hall v. Commonwealth, 8 Va. App. 526, 530, 383 S.E.2d 18, 21 (1989) (quoting Jones v. Commonwealth, 208 Va. 370, 372, 137 S.E.2d 907, 909 (1967)).

take and carry away property not belonging to the seller is no different legally than if appellant first removed it from the farm and then sold it to the innocent purchaser. "[A] defendant may not escape criminal responsibility for a crime which he arranges to have committed by an unwitting agent." Collins, 226 Va. at 233, 307 S.E.2d at 890 (citations omitted).

Applying the innocent agent doctrine, the trial court concluded that:

> Mr. McAlevy authored this, he directed it, he caused it and he intended to cause it. And I think you can impute this agency to him, or this asportation to him . . . . [H]ad he simply arrived there, accompanied by a henchman or an assistant and said, "Go move that out of here;" certainly that would be conduct - that asportation would unquestionably be imputed to him; and I don't see any reason that this should not be.

Appellant concedes that the majority of jurisdictions that have considered the innocent agent doctrine in larceny cases have adopted the view that asportation by an innocent purchaser from the non-owning seller establishes the "seller" as the principal in the first degree. See State v. Patton, 271 S.W.2d 560 (Mo. 1954) (defendant showed innocent purchaser cement blocks not owned by defendant; purchaser took physical possession of the blocks after he paid defendant the purchase price); Sanditen v. State, 208 P. 1040 (Okla. Crim. App. 1921) (defendant wrongfully claimed oil pipes on property of another were his before selling them to purchaser who removed them); see also Crutcher v. State, 246 S.W. 496 (Ark. 1923); Scott v. State, 189 So. 661 (Fla. 1939); Smith v. Smith, 74 S.E. 1093 (Ga. Ct. App. 1912); Aldrich v People, 79 N.E. 964 (Ill. 1906); State v. Hunt, 45 Iowa 673, 675 (1877); Farris v State, 117 S.W. 798 (Tex. 1904).[6]

---

[6] A few jurisdictions have refused to attribute the acts of an unwitting purchaser or innocent agent who physically removes the property to the false seller. See People v. Gillis, 21 P. 404 (Utah 1889) (holding larceny requires the false seller to exercise dominion over, or actual possession of the property, otherwise there would be no asportation); see also State v. Laborde, 11 So. 2d 404 (La. 1942) (holding the innocent purchaser who removed the property acted on his own account without the intent to act as an agent or representative of the defendant where non-owning seller did not exercise dominion or control of the property). However, in a more recent case, State v. Victor, 368 So. 2d 711, 713 (La. 1979), the Louisiana Supreme Court stated, without expressly overturning Laborde, that Laborde was no longer persuasive. It noted the principle "that the 'asportation' could

We agree with the reasoning advanced in these cases, and we find their holdings to be consistent with the Virginia precedent established in <u>Bailey</u> and <u>Collins</u>. Accordingly, we hold that, under Virginia law, the asportation element of larceny may be imputed to a defendant who acts through an innocent agent.

The trial court reasonably concluded from the evidence that appellant was guilty as a principal in the first degree of grand larceny and that Swain was his unwitting agent in taking and carrying away the stolen equipment. "We are obliged to affirm the judgment of the circuit court unless that judgment is plainly wrong or without evidence to support it." <u>Jackson v. Commonwealth</u>, 267 Va. 178, 204, 590 S.E.2d 520, 535 (2004); Code § 8.01-680. Accordingly, we affirm the trial court's conviction of appellant of grand larceny and remand.

<u>Affirmed on the merits and remanded with instructions.</u>

---

not be accomplished by means of the acts of a third person has uniformly received scholarly criticism as illogical and unduly technical." <u>Victor</u>, 368 So. 2d at 713.