PRESENT:  All the Justices

VICTOR RAY MCALEVY
                                              PER CURIAM
v.   Record No. 042894                    November 4, 2005

COMMONWEALTH OF VIRGINIA

                 FROM THE COURT OF APPEALS OF VIRGINIA

        In this appeal, we review a judgment of the Court of

Appeals of Virginia affirming the judgment of the Circuit Court

of Henry County, convicting Victor Ray McAlevy of grand larceny

in violation of Code § 18.2-95.  McAlevy v. Commonwealth, 44 Va.

App. 318, 605 S.E.2d 283 (2004).  We awarded this appeal to

consider whether the Court of Appeals correctly held that "the

asportation element of larceny may be imputed to a defendant who

acts through an innocent agent."  Id. at 325, 605 S.E.2d at 286.

        The record shows that McAlevy offered to sell certain farm

equipment to an individual who believed McAlevy's representation

that the owner had given McAlevy permission to "get rid of it."

In truth, McAlevy had no property interest in the farm equipment

and did not have permission to sell it.  After being paid for

the farm equipment, McAlevy told the third party to "go ahead"

and pick it up without his assistance, which the third party

did.  Some time later, the third party learned that McAlevy did

not own the farm equipment and returned it to the actual owner.

        McAlevy contended in the trial court that he could not be

convicted of grand larceny because the Commonwealth failed to

prove the element of asportation inasmuch as McAlevy had not personally removed the farm equipment from the owner's premises. The trial court disagreed and convicted McAlevy of grand larceny, finding: "Mr. McAlevy authored this, he directed it, he caused it and he intended to cause it.  And I think that you can impute this agency to him, or this asportation to him."

On appeal in the Court of Appeals, and again before this Court, McAlevy argued that he could not be convicted of grand larceny because he was not the individual who actually removed the farm equipment from the owner's possession.  He contended the element of asportation was absent because the third party's removal of the farm equipment could not be imputed to him as a matter of law.

The Court of Appeals affirmed McAlevy's conviction, holding that "the asportation element of larceny may be imputed to a defendant who acts through an innocent agent."  McAlevy, 44 Va. App. at 325, 605 S.E.2d at 286.  In so doing, the Court of Appeals noted that "[u]sing an innocent purchaser of property to take and carry away property not belonging to the seller is no different than if appellant first removed it from the farm and then sold it to the innocent purchaser."  Id. at 324, 605 S.E.2d at 286.  We agree with the Court of Appeals.

This Court has clearly stated, "one who effects a criminal act through an innocent or unwitting agent is a principal in the

2

first degree." Bailey v. Commonwealth, 229 Va. 258, 262, 329 S.E.2d 37, 40 (1985); Collins v. Commonwealth, 226 Va. 223, 233, 307 S.E.2d 884, 890 (1983). Furthermore, "a defendant may not escape criminal responsibility for a crime which he arranges to have committed by an unwitting agent." Collins, 226 Va. at 233, 307 S.E.2d at 890 (citations omitted).

The Court of Appeals thus did not err in affirming McAlevy's conviction, correctly finding that the asportation element of larceny could be imputed to him. McAlevy was criminally responsible for grand larceny because the third party who carried away the property was acting under McAlevy's direction and as his agent.

For the reasons well stated in the opinion of the Court of Appeals, we will affirm that court's judgment.

Affirmed.