COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Beales and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


CORTEZ WILLIAMS
                                                            OPINION BY
v.        Record No. 1355-09-1                      JUDGE ROBERT P. FRANK
                                                         AUGUST 3, 2010
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                              Johnny E. Morrison, Judge

               Gregory K. Matthews (Office of the Public Defender, on briefs), for
               appellant.

               Karen Misbach, Assistant Attorney General II (Kenneth T.
               Cuccinelli, II, Attorney General, on brief), for appellee.


       Cortez Williams, appellant, was convicted, in a bench trial, of grand larceny in violation

of Code § 18.2-95.  On appeal, appellant contends that the evidence was insufficient to sustain

his conviction.  For the reasons that follow, we find the evidence sufficient and affirm

appellant's conviction.

                                      BACKGROUND

       During the morning of July 18, 2008, D.V. noticed that his 1996 silver Jeep Cherokee

was missing from his house in Norfolk.  When the vehicle was eventually returned to him, D.V.

observed that several personal items were missing from inside the Jeep and the steering column

had been broken.  Before the Jeep was repaired, D.V. had to use a screwdriver to start the engine.

He testified that he had not given anyone permission to use his Jeep.

       Later, on the same day that D.V. discovered his Jeep missing, L.A. was sitting on her

front porch in Portsmouth with her husband when she observed a silver Jeep Cherokee being

driven recklessly, stopping in front of her house. She watched as three young men got out of the vehicle, appellant exiting from the front passenger side. L.A. recognized appellant as someone she knew, and she heard him say, "Oh, so far today we haven't gotten arrested." Finding these events suspicious, L.A. called the police who eventually located the three individuals.

Tyeshawn Harris, a codefendant, testified at appellant's trial that appellant and the driver, Jubee, were already riding in the Jeep when they picked him up. Harris wanted a ride to the store to get some beer. Harris and appellant were friends, but Harris had only seen Jubee twice before. Along the way to the store, the three young men stopped to speak with appellant's cousin and then they walked to appellant's house. When they later returned to the Jeep and resumed their ride, Harris noticed a large screwdriver on the floor between the driver and passenger seats. He asked if the vehicle was stolen, and appellant told him that it was.

The trial court convicted appellant of grand larceny, and this appeal follows.

ANALYSIS

Appellant contends the evidence was insufficient to convict him as a principal in the second degree of grand larceny. He argues that although he was a passenger in a vehicle he knew was stolen, the Commonwealth presented no evidence that he assisted in the theft, transportation or disposition of the vehicle. At oral argument, appellant also asserted that he must be the driver of the vehicle in order to assist in the theft. We disagree.

Faced with a challenge to the sufficiency of the evidence,

> we must give trial courts and juries the wide discretion to which a living record, as distinguished from a printed record, logically entitles them. The living record contains many guideposts to the truth which are not in the printed record; not having seen them ourselves, we should give great weight to the conclusions of those who have seen and heard them.

Bradley v. Commonwealth, 196 Va. 1126, 1136, 86 S.E.2d 828, 834 (1955). In bench trials, the "trial judge's major role is the determination of fact, and with experience in fulfilling that role

comes expertise." Haskins v. Commonwealth, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004) (citation omitted).

Consequently, a reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original, citation omitted). Instead, we ask only "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson, 443 U.S. at 319) (emphasis in original). These principles recognize that appellate courts are "not permitted to reweigh the evidence," Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), because we have no authority "to preside *de novo* over a second trial." Haskins, 44 Va. App. at 11, 602 S.E.2d at 407.

> "'Larceny is a common law crime, although it is regulated by statute.'" Hudgins v. Commonwealth, 43 Va. App. 219, 233, 597 S.E.2d 221, 227-28 (2004) (*en banc*) (quoting Darnell v. Commonwealth, 12 Va. App. 948, 957, 408 S.E.2d 540, 545 (1991)); see Code § 18.2-95. It is "defined . . . as 'the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without [the owner's] assent, and with the intention to deprive the owner thereof permanently.'" Bryant v. Commonwealth, 248 Va. 179, 183, 445 S.E.2d 667, 670 (1994) (quoting Dunlavey v. Commonwealth, 184 Va. 521, 524, 35 S.E.2d 763, 764 (1945)). In order to establish a wrongful taking of the property, the Commonwealth must prove that there was an asportation or carrying away of the property. Id. at 183, 445 S.E.2d at 670. At the time of the asportation of the property, the thief must act with the intent "to permanently deprive" the owner of that property. Commonwealth v. Taylor, 256 Va. 514, 519, 506 S.E.2d 312, 314 (1998).[1]

---

[1] Appellant does not challenge that a larceny occurred and that the value of the property was greater than $200.

- 3 -

McAlevy v. Commonwealth, 44 Va. App. 318, 322, 605 S.E.2d 283, 285 (2004), aff'd, 270 Va. 378, 620 S.E.2d 758 (2005) (internal footnote omitted). Because larceny is a continuing offense, anyone who knows that personal property is stolen and assists in its transportation or disposition is guilty of larceny. Hampton v. Commonwealth, 32 Va. App. 644, 650-51, 529 S.E.2d 843, 846 (2000).

The Commonwealth relies on the theory of joint exclusive possession of recently stolen property. "Once the crime [of larceny] is established, the unexplained possession of recently stolen goods permits an inference of larceny by the possessor." Graham v. Commonwealth, 250 Va. 79, 85-86, 459 S.E.2d 97, 100 (1995).

> In order for the presumption to arise, the possession must be exclusive, but "[o]ne can be in exclusive possession of an item when he jointly possesses it with another," as long as "the accused was consciously asserting at least a possessory interest in the stolen property or was exercising dominion over [it]."

Archer v. Commonwealth, 26 Va. App. 1, 13, 492 S.E.2d 826, 832 (1997) (quoting Best v. Commonwealth, 222 Va. 387, 389, 282 S.E.2d 16, 17 (1981)).

"There must be evidence of joint control to justify the inference of joint possession." Reese v. Commonwealth, 230 Va. 172, 175, 335 S.E.2d 266, 267 (1985). "[A]nyone who knows that personal property is stolen and assists in its transportation or disposition is guilty of larceny." Moehring v. Commonwealth, 223 Va. 564, 568, 290 S.E.2d 891, 892 (1982).

Appellant contends the evidence was insufficient to prove he was acting either as a principal in the second degree in the theft of the vehicle, or that he was in control of the vehicle. We disagree.

"A principal in the second degree is one who is not only present at a crime's commission, but one who also commits some overt act, such as inciting, encouraging, advising, or assisting in the commission of the crime or shares the perpetrator's criminal intent." Id. at 567, 290 S.E.2d

at 892. "Mere presence during the commission of a crime and subsequent flight do not constitute sufficient evidence to convict a person as a principal in the second degree." Id. Proof that a defendant knew that an automobile is stolen and was in the automobile as a passenger does not suffice to prove the defendant guilty of larceny of the automobile. Burgess v. Commonwealth, 14 Va. App. 1018, 1023, 421 S.E.2d 664, 667 (1992).

Appellant relies on Moehring to support his position that the appellant must be the driver of the stolen vehicle. In Moehring, the Supreme Court reversed the conviction of a hitchhiker who had accepted a ride in a vehicle that he knew was stolen. There, the Supreme Court found no evidence that Moehring took part in the planning or taking of the vehicle, or that he condoned the theft. 223 Va. at 568, 290 S.E.2d at 893. Specifically, the Court stated that there was no evidence that "Moehring assisted in any way in the transportation or disposition of the truck he knew to be stolen." Id. We find that not to be the case here.

While driving a vehicle is indicia of control, nothing in Moehring suggests it is the exclusive means of establishing control. While the accused in Moehring did not drive the stolen vehicle, his status as a passenger was not the *ratio decidendi* of that decision. The Moehring Court found the accused did not exercise any dominion or control over the stolen vehicle. "The most that can be said with reasonable certainty is that this defendant-hitchhiker accepted a ride from the first person who stopped and that he knew that person was driving a stolen vehicle." Id. There was no evidence that Moehring directed the movement of the stolen vehicle or assisted "in its transportation or disposition." Id.

Here, appellant was more than a mere passenger in a known stolen vehicle. The evidence was sufficient to establish that appellant exercised dominion and control over the Jeep Cherokee and that he thus had joint, exclusive possession of the vehicle. Appellant's statement in the cul-de-sac that he had not yet been arrested is probative of a guilty mind evincing the requisite

- 5 -

intent for knowingly participating in the larceny of the vehicle as a principal in the second degree. Additionally, he admitted to Harris that the Jeep was stolen. He and the driver stopped to give Harris a ride, who was a friend of the appellant. From appellant's relationship with Harris, the fact finder could reasonably conclude that appellant directed Jubee to stop the Jeep to accommodate his friend. More importantly, Jubee parked the automobile, allowing appellant to speak with his cousin and walk to appellant's house. The trial court could make a reasonable inference that these stops were at the behest of appellant, proving that appellant exercised some control over the movement and destination of the stolen vehicle while the offense of larceny continued.

Rather than trying to stop the continued use of a stolen vehicle, appellant persisted in using the Jeep to accommodate a friend, meet a family member, and ride to his own home. Thus, the trial court had before it more than an accused's presence in the vehicle. The evidence was sufficient for a rational finder of fact to believe beyond a reasonable doubt that appellant, at a minimum, exercised some control over the movement and destination of the stolen Jeep.

CONCLUSION

For the foregoing reasons, we find the evidence sufficient to sustain appellant's conviction for grand larceny. Accordingly, we affirm.

Affirmed.