COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Malveaux and Frucci

JAVION NESAJ PEROUNE

v.     Record No. 1357-24-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
SEPTEMBER 23, 2025

FROM THE CIRCUIT COURT OF HENRICO COUNTY
Richard S. Wallerstein, Jr., Judge

(Anthony L. White; Anthony L. White, PLLC, on brief), for
appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Angelique Rogers, Assistant
Attorney General, on brief), for appellee.

Following a bench trial, the court convicted Javion Nesaj Peroune of grand larceny, wearing

a mask in public, and carrying a concealed weapon. On appeal, he contends that the evidence is

insufficient to support his convictions for grand larceny and wearing a mask in public; but he does

not contest the concealed weapon conviction. After examining the briefs and record, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm the convictions but remand the case for the

limited purpose of correcting a clerical error in the sentencing summary of the final order.[1] *See*

Code § 8.01-428(B).

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] The "Sentencing Summary" of the sentencing order incorrectly states that Peroune was
sentenced to 7 years and 12 months of incarceration with 6 years and 6 months suspended. In
fact, Peroune received just one year of active incarceration, as reflected in the body of the
sentencing order. Accordingly, we remand the matter for the sole purpose of correcting this
clerical error. *See* Code § 8.01-428(B).

BACKGROUND

"On appeal, 'we review the evidence in the "light most favorable" to the Commonwealth,' the prevailing party below." *Diaz v. Commonwealth*, 80 Va. App. 286, 295 (2024) (quoting *Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc)). "That principle requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" *Id.* (quoting *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc)).

Late at night on November 22, 2023, Justin Tanner, a food delivery driver, arrived at an apartment complex to deliver an order. As Tanner walked from his car, he heard "doors slam and tires screech." Tanner saw his car being driven from the parking lot. Tanner called the police and reported his car as stolen.

A short time later, Officer Glenn Keough saw Tanner's car driving on Interstate 64. He followed the car, and when the car exited the interstate and stopped at a stop sign, Officer Keough activated his emergency lights. The car did not stop, and Officer Keough turned on his siren as other officers joined the pursuit. The passenger turned and looked at Officer Keough as the car "took off at a high rate of speed." The car sped through a red light without stopping and accelerated to nearly 100 miles per hour. Using his public address system, Officer Keough commanded the driver to stop, but the driver continued to flee. Eventually, the car crashed, and the driver and passenger exited and ran in different directions.

Officer Noori Resen found Peroune "sitting in a bush" behind a tire store building. Peroune was wearing a mask covering his entire face except his eyes. He wore a glove on his right hand, and he admitted to Officer Resen that he had a firearm. Another officer found a nine-millimeter pistol in Peroune's pants. Peroune denied that he owned the gun and refused to give the officers any identifying information.

Meanwhile, Officer Keough located the car's driver, Takaree Fields, a short distance away. Fields possessed a hammer, a screwdriver, and a USB device. Tanner did not know either Peroune or Fields.

The court convicted Peroune of grand larceny, wearing a mask in public, and carrying a concealed weapon. Peroune appeals.

ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is, upon review of the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Pijor*, 294 Va. at 512).

Peroune argues that the evidence failed to prove that he committed grand larceny as either a principal in the first or second degree. "Larceny is a common law crime, although it is regulated by statute." *Darnell v. Commonwealth*, 12 Va. App. 948, 957 (1991); *see* Code § 18.2-95. It is defined "as 'the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without [the owner's] assent, and with the intention to deprive the owner thereof permanently.'" *Bryant v. Commonwealth*, 248 Va. 179, 183 (1994). To establish a wrongful taking, the Commonwealth must prove that there was "a carrying away or asportation of the

property." *Id.* At the time of the asportation, the thief must act with "the intent to permanently deprive the owner" of that property. *Commonwealth v. Taylor*, 256 Va. 514, 518 (1998).

Significantly, "[b]ecause larceny is a continuing offense, anyone who knows that personal property is stolen and assists in its transportation or disposition is guilty of larceny." *Williams v. Commonwealth*, 56 Va. App. 638, 643 (2010). Here, the evidence proved that Peroune and Fields took Tanner's car from the apartment complex without Tanner's permission and continued to occupy it afterwards.

"A principal in the first degree is the actual perpetrator of the crime." *Farmer v. Commonwealth*, 61 Va. App. 402, 414 (2013) (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 482 (2005)). "A principal in the second degree is one not the perpetrator, but present, aiding and abetting the act done, or keeping watch or guard at some convenient distance." *Dunn v. Commonwealth*, 52 Va. App. 611, 617 (2008) (en banc) (quoting *Foster v. Commonwealth*, 179 Va. 96, 99 (1942)). Under Code § 18.2-18, regarding a felony, one who acts as a principal in the second degree "may be indicted, tried, convicted[,] and punished in all respects as if a principal in the first degree." Further, "[t]here may be more than one principal in the first degree." *Hancock v. Commonwealth*, 12 Va. App. 774, 781 (1991). In this case, the court found that Peroune acted as a principal in the first degree and that "alternatively," Peroune was a principal in the second degree.

"[T]he unexplained possession of recently stolen goods permits an inference of larceny by the possessor." *Davis v. Commonwealth*, 65 Va. App. 485, 504 (2015) (alteration in original) (quoting *Bright v. Commonwealth*, 4 Va. App. 248, 251 (1987)). For the presumption to arise, "the possession must be exclusive, but '[o]ne can be in exclusive possession of an item when he jointly possesses it with another,' as long as 'the accused was consciously asserting at least a possessory interest in the stolen property or was exercising dominion over [it].'" *Williams*, 56

Va. App. at 644 (alterations in original) (quoting *Archer v. Commonwealth*, 26 Va. App. 1, 13 (1997)). Further, anyone "who knows that personal property is stolen and assists in its transportation or disposition is guilty of larceny." *Id.* (quoting *Moehring v. Commonwealth*, 223 Va. 564, 568 (1982)).

Here, Peroune and Fields were in joint, unexplained possession of the recently stolen car. Peroune occupied the stolen vehicle, looked back at the officers during the chase, fled the scene after Fields crashed the car, possessed a firearm during the incident, and hid from the officers. He had a close relationship with his cohort and made no attempt to stop Fields from fleeing from the police in the stolen vehicle, which reached speeds of up to 100 miles per hour. Peroune also tried to hide his identity by wearing a mask, hiding in shrubbery, and refusing to reveal his identity to the police. These suspicious circumstances, combined with Peroune's joint possession of the recently stolen car, support the court's finding that Peroune committed the offense as a principal in the first degree.

Peroune also argues that the evidence failed to prove that he wore a mask in a public place or that he wore a mask in private without written permission of the property owner.

Code § 18.2-422 provides:

> It shall be unlawful for any person over 16 years of age to, with the intent to conceal his identity, wear any mask, hood or other device whereby a substantial portion of the face is hidden or covered so as to conceal the identity of the wearer, to be or appear in any public place, or upon any private property in this Commonwealth without first having obtained from the owner or tenant thereof consent to do so in writing.

Peroune asserts that no evidence proved he was on public property while he was wearing the mask and that the Commonwealth failed to prove that he did not have written permission to be on the private property behind the tire store. He contends that the court was offered "two equally plausible interpretations"—that he had prior written consent to wear a mask on the

property of a closed business late at night or that he did not have such permission. The court determined, from the evidence presented, that Peroune's theory that he had prior written consent was absurd and implausible.

"On appeal, this Court 'consider[s] the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'" *Cox v. Commonwealth*, 73 Va. App. 339, 342 (2021) (alteration in original) (quoting *Williams v. Commonwealth*, 49 Va. App. 439, 442 (2007) (en banc)). "It is true that a factfinder cannot 'arbitrarily' choose, as between two equally plausible interpretations of a fact, one that incriminates the defendant." *Maust v. Commonwealth*, 77 Va. App. 687, 700 (2023) (en banc) (quoting *Vasquez v. Commonwealth*, 291 Va. 232, 250 (2016)). "The choice becomes arbitrary, however, only when no rational factfinder could believe the incriminating interpretation of the evidence and disbelieve the exculpatory one." *Vasquez*, 291 Va. at 250.

Assuming without deciding that Peroune was on private property when he was caught wearing the mask, we hold that the court's conclusion that Peroune did not have prior written permission was reasonable, and we therefore accept that finding of fact. Indeed, the record supports the court's ruling. Peroune was involved in a high-speed car chase as he and Fields fled from the police after stealing Tanner's car. They stopped only after Fields crashed the car near the tire store. Nothing suggests that the store was their actual destination. "[W]e give deference to the factual finding that the evidence sufficed to prove the statutory element, asking only whether, taking the evidence in the light most favorable to the Commonwealth, '*any* rational trier of fact could have found th[at] essential element[] of the crime beyond a reasonable doubt.'" *Evans v. Commonwealth*, 82 Va. App. 612, 633 (2024) (second and third alterations in original) (quoting *O'Connell v. Commonwealth*, 48 Va. App. 719, 726 (2006)). The evidence fully supports the court's conclusion.

The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of grand larceny and wearing a mask in public.

CONCLUSION

Accordingly, we affirm the court's judgment, but remand for correction of the sentencing order.

*Affirmed and remanded.*